UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>Petitioner,<br><br>v.<br><br>JAMES HILL, et al.,<br><br>Respondents. | No. 2:24-cv-3020 DC CSK P<br><br>ORDER AND ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding pro se. On October 30, 2024, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) On December 17, 2024, petitioner paid the filing fee.[1] As set forth below, the Court finds that the petition is untimely. Therefore, petitioner is ordered to show cause why this action should not be dismissed.

I.  BACKGROUND

Petitioner was convicted in Stanislaus County Superior Court, No. 1027257. See People v. Raymond George Glass, 114 Cal. App. 4th 1032 (5th Dist. Jan. 6, 2004). On appeal, the California Court of Appeal dismissed certain enhancements, affirmed the conviction in all other respects, and remanded petitioner's case to the trial court for resentencing. Id. at 1038.

Petitioner filed a petition for review in the California Supreme Court on February 6, 2004.

---

[1] Because petitioner paid the filing fee, his request for an extension of time (ECF No. 12) is denied as moot.

1

People v. Glass, No. S122396.[2] The California Supreme Court denied review on March 24, 2004. Id.

Following resentencing, petitioner filed an appeal from the sentence imposed on remand, which the California Court of Appeal described as follows:

> [the trial judge] sentenced Glass to consecutive terms of 30 years to life on counts I and II (15 years to life on each count, doubled pursuant to section 667, subd. (e)(1)), a consecutive term of six years for dissuading a witness from testifying (midterm of three years, doubled), enhanced by five years for previously having been convicted of a serious felony (§ 667, subd. (a)), and an additional five years for having inflicted serious bodily injury during the commission of the aggravated rape in count II (§ 12022.8), for a total sentence of 76 years to life. The remaining counts were either stayed pursuant to section 654 or imposed concurrently.

People v. Glass, 2005 WL 3275796, at *1 (Cal. Ct. App. Dec. 5, 2005). In evaluating petitioner's claim that his sentence of 76 years to life is cruel and unusual punishment under the Eighth Amendment, the California Court of Appeal found that petitioner's case was not one of the exceedingly rare cases in which the gross disproportionality principle applies:

> Glass received a sentence of 76 years to life for his convictions of two counts of sexually abusing a child under the age of 14 years, enhanced because he inflicted great bodily injury during the commission of one of the assaults. The Legislature reasonably could have concluded that these crimes deserved greater punishment than the crimes in the cited cases. His criminal background also increased his sentence because (1) he had a previous conviction that constituted a serious felony, and (2) he had served a prior prison term. His sentence also included six years for dissuading a witness from testifying. These factors convince us this case is not one in which the sentence was grossly disproportionate to the crimes committed.

Id. at *14. The California Court of Appeal affirmed petitioner's sentence and conviction on December 5, 2005. Id. at *1, 15.

On January 5, 2006, petitioner filed a petition for review in the California Supreme Court. People v. Glass, No. S140170. The California Supreme Court denied the petition for review

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

without comment on March 1, 2006.  Id.

Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. See S. Ct. Docket Search, https://www.supremecourt.gov/docket/docket.aspx (last visited Nov. 14, 2024).

On July 24, 2013, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  Glass (Raymond George) on H.C., No. S212285.  The California Supreme Court denied the petition on October 16, 2013, without comment.  Id.

On December 10, 2013, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Fifth Appellate District.  In re Raymond George Glass on Habeas Corpus, No. 068482.  On January 31, 2014, the California Court of Appeal denied the petition without comment.  Id.

On February 20, 2014, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  Glass (Raymond George) on H.C., No. S216640.  On April 30, 2014, the California Supreme Court denied the petition without comment.  Id.

On October 6, 2014, petitioner's petition for writ of certiorari to the United States Supreme Court was denied by the United States Supreme Court.  Glass v. California, 135 S. Ct. 230 (2014).

On November 20, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  Glass (Raymond George) on H.C., No. S230725.  The California Supreme Court denied the petition, citing People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Dexter, 25 Cal.3d 921, 925-26 (1979).[3]  Id.

On November 5, 2020, petitioner filed a petition for writ of mandate/prohibition against California.  Glass v. California, No. S265415.  On December 9, 2020, the California Supreme Court denied the petition without comment.  Id.

On April 8, 2024, petitioner filed a petition for writ of habeas corpus in the California

---

[3] In Duvall, the state court found that a habeas petition must include copies of reasonably available documentary evidence.  Duvall, 9 Cal.4th at 474.  In Dexter, the state court found that prisoners must exhaust administrative remedies.  Dexter, 25 Cal.3d 921, 925-26.

3

Supreme Court. Glass (Raymond George) on H.C., No. S284569 (see ECF Nos. 1-2 at 7-70, 1-3 at 1-36). On August 14, 2024, the California Supreme Court denied the petition without comment. Glass (Raymond George) on H.C., No. S284569.

Petitioner constructively filed this action on October 7, 2024. (ECF No. 1 at 54.)

## II.	PETITIONER'S CLAIMS

Petitioner raises six claims for relief in his petition: (1) the trial court lacked jurisdiction; (2) the trial court, no longer a constitutional court, was not competent to try petitioner and denied petitioner due process; (3) the trial court intentionally misrepresented petitioner as a corporation rather than a human being; (4) the trial court subjected petitioner "to constitutional impermissible application of statutes" because the court did not provide petitioner proof or evidence that his true and proper name was used; (5) petitioner was subjected to double jeopardy because both a term of imprisonment and a monetary penalty were imposed; and (6) the trial court subjected petitioner to "forced liability for surety bond under acts of fraud." (ECF No. 1 at 11-23.)

As relief, in addition to immediate release from state custody, petitioner seeks money damages. (Id. at 26-27.)

## III.	GOVERNING STANDARDS

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Specifically, 28 U.S.C. § 2254(d) sets forth the standards for granting federal habeas corpus relief.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, R. Gov. § 2254 Cases. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Further, district courts may consider sua sponte whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond. See Day v. McDonough, 547 U.S. 198, 209 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

IV.     DISCUSSION

   A.   Date Petitioner's Conviction Became Final

The California Supreme Court denied the petition for review on March 1, 2006. People v. Glass, No. S140170. As noted above, petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Thus, petitioner's conviction became final on May 30, 2006, ninety days after the California Supreme Court denied the petition for review. See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

The AEDPA statute of limitations period expired one year later, on May 30, 2007. Petitioner constructively filed this petition on October 7, 2024, over seventeen years after the

5

statute of limitations had run.  Absent a showing that the accrual date was delayed, or the limitations period was tolled, the petition is untimely.

### B. Delayed Accrual

Under § 2244(d)(1)(D), the limitations period starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The "due diligence clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered."  Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotation marks and citation omitted).  The record does not contain any basis for delayed accrual on a date after May 30, 2006, the date petitioner's conviction and sentence became final.  Thus, the petition remains untimely.

### C. Statutory Tolling

Generally, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); see Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008).  However, once the limitation period has expired, later-filed state habeas petitions do not revive the limitation period.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009).

Here, following the denial of the petition for review by the California Supreme Court on March 1, 2006, petitioner did not file his first petition for collateral review until July 24, 2013, when he filed a petition for writ of habeas corpus in the California Supreme Court.  Glass (Raymond George) on H.C., No. S212285.  By then, the statute of limitations had expired, and the state court petition could not revive the limitations period.  Therefore, petitioner is not entitled to statutory tolling.

### D. Equitable Tolling

A petitioner who files a federal habeas petition after expiration of the one-year statute of

6

1  limitations may be entitled to equitable tolling.  See Holland v. Florida, 560 U.S. 631, 649 (2010).
2  The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some
3  extraordinary circumstance stood in his way and prevented timely filing."  Id. (internal quotation
4  marks and citation omitted).  The diligence required for equitable tolling is "reasonable diligence"
5  and not maximum feasible diligence.  Id. at 653 (citation omitted).  The extraordinary
6  circumstances must be the cause of the untimeliness.  Bryant v. Ariz. Att'y Gen., 499 F.3d 1056,
7  1061 (9th Cir. 2010).  The "threshold necessary to trigger equitable tolling [under AEDPA] is
8  very high, lest the exceptions swallow the rule."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir.
9  2010) (citation omitted).  "[Petitioner] bears the burden of showing that this extraordinary
10 exclusion should apply to him."  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).
11         The record does not disclose any basis for equitable tolling.  Absent a basis for equitable
12 tolling, the petition remains untimely.
13         The petition does not identify any new evidence, or point to any evidence that casts
14 serious doubt about the Stanislaus County conviction and that would permit the Court to consider
15 petitioner's otherwise time-barred claims.  Rather, petitioner argues that there "is no statute of
16 limitations for attacking a void judgment or when a court lacked/lacks jurisdiction." (ECF No. 1
17 at 5.)  Petitioner cites several cases for the theory that a court may set aside a "void" judgment at
18 any time.  (Id. at 11-12.)  However, similar efforts to avoid application of the AEDPA's limitation
19 period have been routinely rejected by other district courts.  See King v. Neuschmid, 2020 WL
20 1452478, at *2 (C.D. Cal. Feb. 12, 2020) (rejecting argument that underlying state court judgment
21 was "void" based on the use of an "illegal charging instrument"); report and recommendation
22 adopted, 2020 WL 1445705 (C.D. Cal. Mar. 25, 2020); Cavanagh v. Dir., Ventura Cty. Prob.,
23 2011 WL 1344546, at *2-3 (C.D. Cal. Feb. 11, 2011) (rejecting argument that the AEPDA's
24 statute of limitations did not apply because state court judgment was "void ab initio"); Applegate
25 v. Bunting, 2016 WL 4034984, at *2 (N.D. Ohio July 28, 2016) (same holding and collecting
26 cases in support).  Petitioner does not cite any cases holding that either §§ 2244(d) or 2254(b) do
27 not apply to a petitioner who challenges his state court conviction on jurisdictional grounds.
28 ///

E. Conclusion

Based on the foregoing, the petition is subject to dismissal as untimely. Petitioner is ordered to show cause, in writing, within thirty days from the date of this order, why this action should not be dismissed under Rule 4 for the reasons set forth above. If petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action.

Petitioner is cautioned that failure to timely comply with this order may result in a recommendation that this action be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1), or for failure to prosecute and for failure to comply with a Court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

V. REQUEST FOR MONEY DAMAGES

In addition to release from custody, petitioner seeks money damages. For the following reasons, this Court declines to offer petitioner the option to convert his claim for money damages into a civil rights action pursuant to 42 U.S.C. § 1983. See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (district court may construe a petition for writ of habeas corpus to plead a cause of action under Section 1983). A habeas corpus action and a prisoner civil rights suit differ in a variety of respects, such as the proper defendants, type of relief available, filing fees and the means of collecting them, and restrictions on future filings. See Nettles, 830 F.3d at 936 (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). For example, unlike in a habeas action, a civil rights action would require petitioner to pay the full amount of the $350.00 filing fee, even if he is given leave to proceed in forma pauperis under 28 U.S.C. § 1915. In a Section 1983 civil rights action, petitioner would be responsible for an initial partial filing fee and thereafter payments from his trust account would be forwarded to the clerk of court any time the amount in the account exceeded $10 until the filing fee was paid. See 28 U.S.C. § 1915(b)(1)-(2). Additionally, the exhaustion requirements for a Section 1983 civil rights action also differ from those required in a habeas action, and dismissal of a Section 1983 complaint as frivolous or malicious or for failure to state a claim can have adverse effects on petitioner's ability to proceed in forma pauperis in future civil actions. See 28 U.S.C. § 1915(g) (limiting ability to proceed in

forma pauperis after three or more civil actions are dismissed as frivolous or malicious or for failure to state a claim); 42 U.S.C. § 1997e(a) (exhaustion requirement for Section 1983 cases). Due to these differences, the court declines to provide the option to re-characterize the portion of the petition seeking money damages as a civil rights complaint. See Bennett v. Biden, 2023 WL 8438454, at *2 (E.D. Cal. Nov. 6, 2023) (recommending that court decline to provide option to re-characterize habeas corpus petition as civil rights complaint), findings and recommendations adopted, 2024 WL 1803509 (E.D. Cal. Apr. 25, 2024).

VI. MOTION FOR ASSISTANCE

On December 9, 2024, petitioner filed a motion seeking the appointment of Gary Louis Blank, III, a fellow inmate, to assist petitioner in this case as a next friend. (ECF No. 15.) Considering the above findings, the Court does not find it necessary to issue an order granting Mr. Blank permission to assist petitioner in pursuing this action, particularly given the anticipated dismissal of the petition. But if Mr. Blank wishes to assist petitioner, he is free to do so within the prison's regulations governing such assistance. Petitioner's motion for assistance is denied without prejudice.

VII. MOTION FOR CERTIFICATE OF APPEALABILITY

On December 16, 2024, petitioner filed a motion for certificate of appealability. (ECF No. 16.) Before petitioner can appeal a final order in a habeas corpus proceeding, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). However, no final order has issued in this action. Therefore, the motion for certificate of appealability is premature and is denied without prejudice.

VIII. ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for extension of time (ECF No. 12) is denied as moot.
2. Petitioner's motion for assistance (ECF No. 15) is denied without prejudice.
3. Petitioner's motion for certificate of appealability (ECF No. 16) is denied without prejudice.
4. Within thirty days from the date of this order, petitioner shall show cause in writing

why this action should not be dismissed as untimely. Failure to timely comply with this order may result in a recommendation that this action be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1), and for failure to prosecute and for failure to comply with a Court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: March 20, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/glas3020.osc