UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS, | No. 2:24-cv-3020 DC CSK P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JAMES HILL, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se. On October 30, 2024, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) On December 17, 2024, petitioner paid the filing fee. On March 20, 2025, petitioner was ordered to show cause why this action should not be dismissed as untimely. Following an extension of time, petitioner filed his response on May 27, 2025. As discussed below, the Court finds that the petition is untimely, and recommends that this action be dismissed.

I.  BACKGROUND

Petitioner was convicted in Stanislaus County Superior Court, No. 1027257. See People v. Raymond George Glass, 114 Cal. App. 4th 1032 (5th Dist. Jan. 6, 2004). On appeal, the California Court of Appeal dismissed certain enhancements, affirmed the conviction in all other respects, and remanded petitioner's case to the trial court for resentencing. Id. at 1038.

///

1

1    Petitioner filed a petition for review in the California Supreme Court on February 6, 2004.

2    People v. Glass, No. S122396.[1] The California Supreme Court denied review on March 24, 2004.

3    Id.

4    Following resentencing, petitioner filed an appeal from the sentence imposed on remand,

5    which the California Court of Appeal described as follows:

> [the trial judge] sentenced Glass to consecutive terms of 30 years to life on counts I and II (15 years to life on each count, doubled pursuant to section 667, subd. (e)(1)), a consecutive term of six years for dissuading a witness from testifying (midterm of three years, doubled), enhanced by five years for previously having been convicted of a serious felony (§ 667, subd. (a)), and an additional five years for having inflicted serious bodily injury during the commission of the aggravated rape in count II (§ 12022.8), for a total sentence of 76 years to life. The remaining counts were either stayed pursuant to section 654 or imposed concurrently.

People v. Glass, 2005 WL 3275796, at *1 (Cal. Ct. App. Dec. 5, 2005). In evaluating petitioner's claim that his sentence of 76 years to life is cruel and unusual punishment under the Eighth Amendment, the California Court of Appeal found that petitioner's case was not one of the exceedingly rare cases in which the gross disproportionality principle applies:

> Glass received a sentence of 76 years to life for his convictions of two counts of sexually abusing a child under the age of 14 years, enhanced because he inflicted great bodily injury during the commission of one of the assaults. The Legislature reasonably could have concluded that these crimes deserved greater punishment than the crimes in the cited cases. His criminal background also increased his sentence because (1) he had a previous conviction that constituted a serious felony, and (2) he had served a prior prison term. His sentence also included six years for dissuading a witness from testifying. These factors convince us this case is not one in which the sentence was grossly disproportionate to the crimes committed.

Id. at *14. The California Court of Appeal affirmed petitioner's sentence and conviction on December 5, 2005. Id. at *1, 15.

///

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

2

1        On January 5, 2006, petitioner filed a petition for review in the California Supreme Court. People v. Glass, No. S140170. The California Supreme Court denied the petition for review without comment on March 1, 2006. Id.

         Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. See S. Ct. Docket Search, https://www.supremecourt.gov/docket/docket.aspx (last visited Nov. 14, 2024).

         On July 24, 2013, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Glass (Raymond George) on H.C., No. S212285. The California Supreme Court denied the petition on October 16, 2013, without comment. Id.

         On December 10, 2013, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Fifth Appellate District. In re Raymond George Glass on Habeas Corpus, No. 068482. On January 31, 2014, the California Court of Appeal denied the petition without comment. Id.

         On February 20, 2014, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Glass (Raymond George) on H.C., No. S216640. On April 30, 2014, the California Supreme Court denied the petition without comment. Id.

         On October 6, 2014, petitioner's petition for writ of certiorari to the United States Supreme Court was denied by the United States Supreme Court. Glass v. California, 135 S. Ct. 230 (2014).

         On November 20, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Glass (Raymond George) on H.C., No. S230725. The California Supreme Court denied the petition, citing People v. Duvall, 9 Cal.4th 464, 474 (1995); In re Dexter, 25 Cal.3d 921, 925-26 (1979).[2] Id.

         On November 5, 2020, petitioner filed a petition for writ of mandate/prohibition against California. Glass v. California, No. S265415. On December 9, 2020, the California Supreme

---

[2] In Duvall, the state court found that a habeas petition must include copies of reasonably available documentary evidence. Duvall, 9 Cal.4th at 474. In Dexter, the state court found that prisoners must exhaust administrative remedies. Dexter, 25 Cal.3d 921, 925-26.

1 | Court denied the petition without comment.  Id.

On April 8, 2024, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  Glass (Raymond George) on H.C., No. S284569 (see ECF Nos. 1-2 at 7-70, 1-3 at 1-36).  On August 14, 2024, the California Supreme Court denied the petition without comment.  Glass (Raymond George) on H.C., No. S284569.

Petitioner constructively filed this action on October 7, 2024.  (ECF No. 1 at 54.)

II. PETITIONER'S CLAIMS

Petitioner raises six claims for relief in his petition:  (1) the trial court lacked jurisdiction; (2) the trial court, no longer a constitutional court, was not competent to try petitioner and denied petitioner due process; (3) the trial court intentionally misrepresented petitioner as a corporation rather than a human being; (4) the trial court subjected petitioner "to constitutional impermissible application of statutes" because the court did not provide petitioner proof or evidence that his true and proper name was used; (5) petitioner was subjected to double jeopardy because both a term of imprisonment and a monetary penalty were imposed; and (6) the trial court subjected petitioner to "forced liability for surety bond under acts of fraud."  (ECF No. 1 at 11-23.)

As relief, in addition to immediate release from state custody, petitioner seeks money damages.  (Id. at 26-27.)

III. GOVERNING STANDARDS

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Specifically, 28 U.S.C. § 2254(d) sets forth the standards for granting federal habeas corpus relief.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, R. Gov. § 2254 Cases.  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory,

1 palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Further, district courts may consider sua sponte whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond. See Day v. McDonough, 547 U.S. 198, 209 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

IV.    DISCUSSION

   A.   Date Petitioner's Conviction Became Final

The California Supreme Court denied the petition for review on March 1, 2006. People v. Glass, No. S140170. As noted above, petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Thus, petitioner's conviction became final on May 30, 2006, ninety days after the California Supreme Court denied the petition for review. See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

1    The AEDPA statute of limitations period expired one year later, on May 30, 2007.
2  Petitioner constructively filed this petition on October 7, 2024, over seventeen years after the
3  statute of limitations had run. Absent a showing that the accrual date was delayed, or the
4  limitations period was tolled, the petition is untimely.

5    B.  Delayed Accrual

6    Under § 2244(d)(1)(D), the limitations period starts running on "the date on which the
7  factual predicate of the claim or claims presented could have been discovered through the
8  exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The "due diligence clock starts ticking
9  when a person knows or through diligence could discover the vital facts, regardless of when their
10 legal significance is actually discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012)
11 (internal quotation marks and citation omitted). The record does not contain any basis for
12 delayed accrual on a date after May 30, 2006, the date petitioner's conviction and sentence
13 became final. Petitioner's response to the order to show cause does not argue that he is entitled to
14 a delayed accrual of the limitations period. (ECF No. 21, passim.) Thus, the petition remains
15 untimely.

16    C.  Statutory Tolling

17    Generally, the statute of limitations is tolled during the time "a properly filed application
18 for State post-conviction or other collateral review with respect to the pertinent judgment or claim
19 is pending." 28 U.S.C. § 2244(d)(2); see Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008).
20 However, once the limitation period has expired, later-filed state habeas petitions do not revive
21 the limitation period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). The burden of
22 demonstrating that the AEDPA's one-year limitations period was sufficiently tolled rests with the
23 petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d
24 1013, 1019 (9th Cir. 2009).

25    Here, following the denial of the petition for review by the California Supreme Court on
26 March 1, 2006, petitioner did not file his first petition for collateral review until July 24, 2013,
27 when he filed a petition for writ of habeas corpus in the California Supreme Court. Glass
28 (Raymond George) on H.C., No. S212285. By then, the statute of limitations had expired, and

the state court petition could not revive the limitations period. Petitioner does not challenge the calculation of the statutory tolling period in his response to the order to show cause. (ECF No. 21, passim.) The Court finds that petitioner is not entitled to statutory tolling because the limitations period had expired before petitioner filed his collateral challenges in state court.

### D. Equitable Tolling

A petitioner who files a federal habeas petition after expiration of the one-year statute of limitations may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010). The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (internal quotation marks and citation omitted). The diligence required for equitable tolling is "reasonable diligence" and not maximum feasible diligence. Id. at 653 (citation omitted). The extraordinary circumstances must be the cause of the untimeliness. Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2010). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). "[Petitioner] bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

The record does not disclose any basis for equitable tolling. In his response to the order to show cause, petitioner did not provide any evidence, new or otherwise, to provide a basis for equitably tolling the statute of limitations period, which petitioner exceeded by over seventeen years. (ECF No. 21, passim.) Absent a basis for equitable tolling, the petition remains untimely.

### E. Void Judgment/ Lack of Jurisdiction

The petition does not identify any new evidence, or point to any evidence that casts serious doubt about the Stanislaus County conviction and that would permit the Court to consider petitioner's otherwise time-barred claims. Rather, petitioner argues that there "is no statute of limitations for attacking a void judgment or when a court lacked/lacks jurisdiction." (ECF No. 1 at 5.) Petitioner cites several cases for the theory that a court may set aside a "void" judgment at any time. (Id. at 11-12.) However, similar efforts to avoid application of the AEDPA's limitation period have been routinely rejected by other district courts. See King v. Neuschmid, 2020 WL

1452478, at *2 (C.D. Cal. Feb. 12, 2020) (rejecting argument that underlying state court judgment was "void" based on the use of an "illegal charging instrument"), report and recommendation adopted, 2020 WL 1445705 (C.D. Cal. Mar. 25, 2020); Cavanagh v. Dir., Ventura Cty. Prob., 2011 WL 1344546, at *2-3 (C.D. Cal. Feb. 11, 2011) (rejecting argument that AEPDA's statute of limitations did not apply because state court judgment was "void ab initio"); Applegate v. Bunting, 2016 WL 4034984, at *2 (N.D. Ohio July 28, 2016) (same holding and collecting cases in support). In his petition, petitioner does not cite any cases holding that either §§ 2244(d) or 2254(b) do not apply to a petitioner who challenges his state court conviction on jurisdictional grounds. (ECF No. 1, passim.)

### F. Response to Order to Show Cause

In his response to the order to show cause, petitioner argues that "the Court should reverse Williams v. Taylor, 529 U.S. 362 (2000)] at its earliest opportunity" because its interpretation of AEDPA violates Article III of the U.S. Constitution. (ECF No. 21 at 2, 4.) In the alternative, the Court should "begin granting certiorari petitions of state prisoners seeking review of state court convictions alleged to rest on wrong but reasonable applications of federal law." (Id. at 7.)

The Court in Williams acknowledged that "§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."[3] 529 U.S. at 412. But the Court later explained that "§ 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." Harrington v. Richter, 562 U.S. 86, 102 (2011) (citing Felker v. Turpin, 518 U.S. 651, 664 (1996)); see Rice v. White, 660 F.3d 242, 251 (6th Cir. 2011) ("Federal courts retain statutory and constitutional authority . . . to remedy detentions by state authorities that violate federal law, so long as the procedural demands

---

[3] Despite such new constraint, the Court in Williams granted habeas relief, finding that the Virginia Supreme Court's denial of Williams' ineffective assistance of counsel claim was contrary to and an unreasonable application of clearly established federal law. 529 U.S. at 399, 413-16.

of AEDPA are satisfied."); Mitchell v. Maclaren, 2017 WL 4819104, at *18 (E.D. Mich. Oct. 25, 2017), aff'd, 933 F.3d 526 (6th Cir. 2019) ("Although the standard is difficult to meet, it is not impossible and therefore does not amount to a suspension of the writ.") (citing Crater v. Galaza, 491 F.3d 1119, 1125 (9th Cir. 2007)); Demirdjian v. Gipson, 832 F.3d 1060, 1077 (9th Cir. 2016) (Noonan, J., dissenting) ("'Difficult' is the term chosen by the Supreme Court to characterize the process of a federal court reviewing a state criminal conviction under AEDPA. 'Difficult' is not the same as 'impossible.' The Supreme Court has not cut off our review of state criminal convictions. Nor has Congress eliminated our review.") The difficult standard imposed by § 2254(d)(1) "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Richter, 562 U.S. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)).

Importantly, the AEDPA has survived every challenge raised against it. See Ulrey v. Zavaras, 483 F. App'x 536, 543 n.4 (10th Cir. 2012) ("The statute is applied daily by federal courts across the country; it is routinely applied by the Supreme Court; and no court has yet held it unconstitutional. . . ."); Cobb v. Thaler, 682 F.3d 364, 374 (5th Cir. 2012) ("§ 2254(d)(1) does not intrude on the independent adjudicative authority of the federal courts," but "limits the grounds on which federal courts may grant the habeas remedy to upset a state conviction"); Evans v. Thompson, 518 F.3d 1, 11 (1st Cir. 2008) ("[W]hile AEDPA does restrict a remedy, it does not interfere with Article III powers, nor does it prescribe a rule of decision."); Crater, 491 F.3d at 1125 (finding § 2254(d)(1)'s restriction of habeas relief to state court decisions that are contrary to or an unreasonable application of clearly established federal law is not an unconstitutional suspension of the writ, because it modifies preconditions for relief rather than foreclosing all jurisdiction to review claims); Allen v. Ornoski, 435 F.3d 946, 960-61 & n.11 (9th Cir. 2006) (noting § 2254(d)(1)'s restriction "merely limits the source of clearly established law that the Article III court may consider" and does not impermissibly alter content of that law in violation of Article III or separation of power principles); Duhaime v. Ducharme, 200 F.3d 597, 601 (9th Cir. 2000) ("Section 2254(d) merely limits the source of clearly established law that the Article

1  III court may consider, and that limitation served to govern prospectively classes of habeas cases
2  rather than offend the court's authority to interpret the governing law and to determine the
3  outcome in any pending case.").
4        Thus, in light of the above authorities, petitioner's argument that <u>Williams</u>' interpretation
5  of AEDPA is unconstitutional is unavailing.  The Ninth Circuit has stated generally that "[t]he
6  constitutional foundation of § 2254(d)(1) is solidified by the Supreme Court's repeated
7  application of the statute."  <u>Crater</u>, 491 F.3d at 1129.  This Court is bound by the precedent of the
8  Ninth Circuit, which has rejected the arguments raised by petitioner.  <u>See id.</u> (rejecting challenges
9  to the "contrary to or unreasonable application" language in § 2254(d)(1) under both the
10  Suspension Clause and separation of powers); <u>Duhaime</u>, 200 F.3d at 601 (finding AEDPA
11  modifies preconditions for habeas relief but does not remove the courts' jurisdiction over habeas
12  petitions).
13        Finally, to the extent that petitioner argues that the applicable statute of limitations
14  imposed by the AEDPA is unconstitutional, that argument has also been rejected by the Ninth
15  Circuit.  <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003).
16        G.  <u>Conclusion</u>
17        Based on the foregoing, the Court recommends that this action be denied as barred by the
18  statute of limitations.
19  V.  **REQUEST FOR MONEY DAMAGES**
20        In addition to release from custody, petitioner seeks money damages.  For the following
21  reasons, this Court declines to offer petitioner the option to convert his claim for money damages
22  into a civil rights action pursuant to 42 U.S.C. § 1983.  <u>See</u> <u>Nettles v. Grounds</u>, 830 F.3d 922, 936
23  (9th Cir. 2016) (en banc) (district court may construe a petition for writ of habeas corpus to plead
24  a cause of action under Section 1983).  A habeas corpus action and a prisoner civil rights suit
25  differ in a variety of respects, such as the proper defendants, type of relief available, filing fees
26  and the means of collecting them, and restrictions on future filings.  <u>See</u> <u>Nettles</u>, 830 F.3d at 936
27  (quoting <u>Robinson v. Sherrod</u>, 631 F.3d 839, 841 (7th Cir. 2011)).  For example, unlike in a
28  habeas action, a civil rights action would require petitioner to pay the full amount of the $350.00

filing fee, even if he is given leave to proceed in forma pauperis under 28 U.S.C. § 1915. In a Section 1983 civil rights action, petitioner would be responsible for an initial partial filing fee and thereafter payments from his trust account would be forwarded to the clerk of court any time the amount in the account exceeded $10.00 until the filing fee was paid. See 28 U.S.C. § 1915(b)(1)-(2). Moreover, the exhaustion requirements for a Section 1983 civil rights action also differ from those required in a habeas action, and dismissal of a Section 1983 complaint as frivolous or malicious or for failure to state a claim can have adverse effects on petitioner's ability to proceed in forma pauperis in future civil actions. See 28 U.S.C. § 1915(g) (limiting ability to proceed in forma pauperis after three or more civil actions are dismissed as frivolous or malicious or for failure to state a claim); 42 U.S.C. § 1997e(a) (exhaustion requirement for Section 1983 cases). Due to these differences, the Court declines to provide the option to re-characterize the portion of the petition seeking money damages as a civil rights complaint. See Bennett v. Biden, 2023 WL 8438454, at *2 (E.D. Cal. Nov. 6, 2023) (recommending that court decline to provide option to re-characterize habeas corpus petition as civil rights complaint), findings and recommendations adopted, 2024 WL 1803509 (E.D. Cal. Apr. 25, 2024).

VI.  MOTION FOR RELEASE

On March 11, 2025, petitioner filed a motion for release pending review of decision ordering release. (ECF No. 17.) In light of this Court's finding that the petition is barred by the statute of limitations, the Court recommends that petitioner's motion for release be denied.

VII.  REQUEST TO EXPEDITE

On May 27, 2025, petitioner wrote the Clerk of the Court, claiming petitioner did not receive the order to show cause until seven days after it was issued, but that his response remained timely under the mailbox rule, but asked the Clerk to expedite "this matter." (ECF No. 22.) Petitioner is correct that his response was timely-filed. Therefore, there is no need to expedite his filing, and his request is denied as moot.

///

///

///

VIII.   ORDERS AND RECOMMENDATIONS

In accordance with the above, IT IS HEREBY ORDERED that: Petitioner's May 27, 2025 request (ECF No. 22) is denied as moot.

Further, IT IS RECOMMENDED that:

1. Petitioner's motion for release (ECF No. 17) be denied; and

2. This action be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 4, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/glas3020.fsc.sol