UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>Petitioner,<br><br>v.<br><br>JAMES HILL, et al.,<br><br>Respondents. | No. 2:24-cv-03020-DC-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CASE<br><br>(Doc. Nos. 17, 23) |

Petitioner Raymond George Glass is a state prisoner proceeding *pro se* on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 20, 2025, the magistrate judge issued an order for Petitioner to show cause in writing why this action should not be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. No. 18.) On March 11, 2025, Petitioner filed a motion for release. (Doc. No. 17.) On May 27, 2025, Petitioner filed a response to the magistrate judge's order. (Doc. No. 21.)

On June 4, 2025, the magistrate judge issued findings and recommendations recommending that the action be dismissed with prejudice as barred by the statute of limitations. (Doc. No. 23.) The magistrate also recommend Petitioner's motion for release be denied in light of the court's finding that his petition is barred by the statute of limitations. (*Id*. at 11.) The

1

1   pending findings and recommendations were served on the parties and contained notice that any
2   objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 12.)

3         On June 20, 2025, Petitioner filed objections to the pending findings and
4   recommendations.[1] (Doc. No. 24.) Therein, Petitioner raises issues that were thoroughly
5   addressed by the magistrate judge in the findings and recommendations. Accordingly, the court
6   finds Petitioner's objections provide no basis upon which to reject the findings and
7   recommendations.

8         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
9   *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's
10  objections, the court concludes that the findings and recommendations are supported by the
11  record and by proper analysis.

12        Having concluded that the pending petition must be dismissed, the court also declines to
13  issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute
14  right to appeal; he may appeal only in limited circumstances. See 28 U.S.C. § 2253; *Miller-El v.*
15  *Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may
16  only issue a certificate of appealability when a petitioner makes a substantial showing of the
17  denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas
18  relief on procedural grounds without reaching the underlying constitutional claims, the court
19  should issue a certificate of appealability "if jurists of reason would find it debatable whether the
20  petition states a valid claim of the denial of a constitutional right and that jurists of reason would
21  find it debatable whether the district court was correct in its procedural ruling." *Slack v.*
22  *McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists
23  would not find the court's determination that the pending petition must be dismissed to be
24  debatable or wrong. Thus, the court declines to issue a certificate of appealability.

25        Accordingly,

---

[1] Petitioner's objections are dated June 11, 2025, and are timely under application of the mailbox rule. *See Moore v. Schlichting*, No. 20-cv-01672-DAD-EPG, 2021 WL 2802921, *1 (E.D. Cal. Jul. 6, 2021) (finding plaintiff's objections to the findings and recommendations timely under the mailbox rule because it was dated within the time to file objections).

2

1. The findings and recommendations issued on June 4, 2025 (Doc. No. 23) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed with prejudice as barred by the statute of limitations;
3. Petitioner's motion for release (Doc. No. 17) is DENIED;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 30, 2025**

Dena Coggins
United States District Judge

3